By the Court, Nelson, Ch. J.
The appraisement of damages for lands appropriated to the making and use of the Black *360 River canal, depends upon the general law of the state regulating this department of the canal system, which provides as follows: “When any lands, waters or streams, appropriated by the canal commissioners to the use of the public, shall not be given or granted to the state, it shall be the duty of the appraisers to make a just and equitable estimate and appraisement of the damages, and benefits, resulting to the persons interested in the premises so appropriated, from the construction of the work, for the purpose of making which, such premises shall have been taken.” (1 R. >S'. 211, § 50, 2d ed.) It is also provided that every person interested in the premises so appropriated, shall, within one year after they shall have been taken for the use of the state, present to the appraisers a statement of his claim for damages in writing, <fcc. (Id. 212, § 53.) The appraisers are required to make a regular entry of each appraisement, certified and signed, and containing a description of the premises so appropriated, in a book kept by the canal commissioners, a transcript of which entry, signed by the appraisers, and acknowledged and proved as a conveyance of lands, is to be recorded in the clerk’s office of the county in which the premises are situated; and when so recorded, the fee simple shall be deemed vested in the people of the state. (Id. §§ 55 to 57.) The sixty-eighth section declares that, if the damages exceed the benefits, it shall be the duty of the canal commissioners to pay the amount of such excess of damages to the persons entitled thereto. (Id. 213.)
It will he seen by the above provisions that it is made the duty of the appraisers to enter upon the estimate and appraisement of the damages, in all cases, as soon as the canal commissioners have appropriated the lands of a citizen to the use of the public; and the only question therefore is, whether the facts before us disclose a case of such an appropriation. If they do, the appraisers should go on and discharge their duty; and if they refuse, a mandamus is the appropriate remedy.
On the part of the people it is insisted that no appropriation takes place, within the meaning of the statute, until the work on the canal is finished: while the relator contends that an ap *361 propriation takes place as soon as the state has surveyed and settled upon the route, and entered upon and taken permanent and exclusive possession of the lands, preparatory to the commencement of the work; or at all. events, as soon as the public agents have taken possession and commenced the execution of the work.
It seems to me that, if we regard either the language of the statute provisions, or the spirit and object of their enactment, in connection with the obligation resting upon the legislature to provide compensation to persons whose property has been taken for the public benefit, the view of the relator is much the soundest and best sustained.
Although it may not be necessary, within the constitutional provision, that the amount of compensation should be actually ascertained and paid before property is thus taken, it is, I apprehend, the settled doctrine, even as it respects the state itself, that, at least, certain and ample provision must be first made by law, (except in cases of public emergency,) so that the owner can coerce payment through the judicial tribunals or otherwise, without any unreasonable or unnecessary delay. Otherwise the law making the appropriation is no better than blank paper. (Bloodgood v. The Mohawk and Hudson Rail-Road Co., 18 Wend. 9.) The provisions of the statute prescribing .the mode of compensation in cases like the present, when properly understood and administered, come fully up to this great fundamental principle; and even if any doubt could be entertained about their true construction, it should he made to lean in favor of the one that is found to be most in conformity with the constitutional requisite.
The statute places the right to have compensation made, where the principle of the constitution places it, viz. upon the forcible devestment of the use and enjoyment of private property, for the public benefit; and not, as contended in behalf the people, upon the completion of the public work for which it is taken. The latter is a question in which the individual has no special interest, depending upon the will or wisdom of the legislature, and all the considerations which usually enter into and influ *362 ence legislative action. The-work may be completed in one, two or more years, or it may never be completed.
The statute before us places the right to compensation upon no such contingent and fluctuating basis. When the public agents have entered upon and taken possession of the property in the manner contemplated by the statute, (1 H. iS. 206, § 16, 2d ed.,) the event has happened which entitles the owner to an appraisement of his damages. Though the work should never be completed, it is all the same to the owner, except that he may thus be deprived of the benefits which the appraisers are required to deduct from the damages sustained. But that, perhaps, is a wrong without a remedy.
Without pursuing the argument further, I am of opinion that the motion should be granted.
Ordered accordingly.(b)

 See Baker v. Johnson, (2 Hill, 342.)